In re Grand Jury Subpoena of Harrison T. SLAUGHTER, Jr., Petitioner.

In re Grand Jury Subpoena of Barbara E. EMERSON, Petitioner.

Nos. 82–3108, 82–3109.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1982.

---

A. Thomas Mihok, Dempsey & Slaughter, Manuel Socias, Orlando, Fla., for petitioners.

Stephen D. Milbrath, Asst. U.S. Atty., Orlando, Fla., for respondent.

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by desig-

Before FAY and CLARK, Circuit Judges, and MARKEY *, Chief Judge.

FAY, Circuit Judge:

This is an appeal by Harrison T. Slaughter, Jr., attorney for Anthony and Leonard Scrima, from the denial of a motion to quash two federal grand jury subpoenas. These subpoenas sought information regarding attorney's fees paid Mr. Slaughter by the Scrimas and ordered Mr. Slaughter to testify. Mr. Slaughter argues that the attorney's fee information is protected by the attorney-client privilege and that the government should be required to demonstrate that information held by Mr. Slaughter is relevant to their investigation before he can be compelled to testify. Finding no merit to these contentions we affirm the denial.

## I. *Facts*

Mr. Slaughter was served with two subpoenas ordering him to produce records of attorney's fees paid him by the Scrimas from January 1, 1977, to December 31, 1981, and to appear and testify before the grand jury concerning its investigation of the Scrimas on suspicion of tax evasion, racketeering, drug related crimes and conspiracies. The government has shown that they have cause to believe that Mr. Slaughter has non-privileged information in connection with the Scrimas' dealings which could be helpful in the grand jury's investigation. The district court found these factual representations adequate to support issuance of the subpoena and denied Mr. Slaughter's motion to quash. This appeal resulted.

## II. *Discussion*

### A. *Fees*

■ Mr. Slaughter's first ground on appeal is that information concerning attorney's fees are protected by the attorney-

nation.

client privilege. The law in this circuit is that matters involving the receipt of fees from a client are not generally privileged. *In re Grand Jury Proceedings; United States v. Jones,* 517 F.2d 666 (5th Cir.1975); *United States v. Ponder,* 475 F.2d 37 (5th Cir.1973); *United States v. Finley,* 434 F.2d 596 (5th Cir.1970).[1] A "limited and rarely available" exception to this general rule involves situations where the disclosure of fee information would give the identity of a previously undisclosed client/suspect. *Jones, supra.* Under that exception courts do not require disclosure where more than simple fee information will necessarily come to light by compliance with the order, thereby uncovering privileged information. *In re Grand Jury Proceedings,* (Pavlick), 680 F.2d 1026 (5th Cir.1982); *Baird v. Koerner,* 279 F.2d 623 (9th Cir.1960).

 The present case clearly does not fall within the exception. No confidences will be disclosed by compliance with the order to give attorney's fees information.[2] The identities of attorney and clients are already known by the grand jury. The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice, Vol. 8, Wigmore, *Evidence* § 2290 (McNaughton Rev.Ed.1961); McCormick, *Law of Evidence,* Sec. 91 (2nd Ed. E. Cleary 1972), and will not be violated by disclosure in this case. The privilege cannot be expanded to prevent Mr. Slaughter's compliance with the subpoena.

### B. *Relevance*

 We are again urged to adopt the Third Circuit's holding in *In re Grand Jury Proceedings,* 486 F.2d 85 (*Schofield I*) (3rd Cir.1973), and *In re Grand Jury Proceedings,* 507 F.2d 963 (*Schofield II*), (3rd Cir. 1975), *cert. denied,* 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975), and require the government to show that information sought under a subpoena is relevant to their investigation and not sought primarily for another purpose, e.g. harassment. Mr. Slaughter seeks to avoid testifying and also hopes to prevent testimony by his paralegal, Ms. Emerson, under this proposed rule. But no such showing of relevance is required in this circuit. *In re Grand Jury Proceedings; United States v. McLean,* 565 F.2d 318 (5th Cir.1977); *In re Grand Jury Proceedings; United States v. Guerrero,* 567 F.2d 281 (5th Cir.1978). The constitution does not mandate the guidelines established by the Third Circuit in *Schofield* under its supervisory power. *In re Grand Jury Proceedings; United States v. Bank of Nova Scotia,* 691 F.2d 1384 (11th Cir.1982). We decline to disturb our rule and will not impose such a requirement.

The denial of the motion to quash is AFFIRMED.

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

2. We do not rule on any specific questions that may be put to Slaughter or Emerson calling for information other than that related to attorney's fees. If such inquiries invade the attorney-client privilege, appropriate objections can be lodged and ruled upon. The same opportunity has been given as to the records. The subpoena contains the following language:

If you claim that any of the above-referenced records or any portions thereof are subject to the attorney-client privilege, please produce those portions which you do not deem to be privileged and delete or expurgate portions of documents claimed to be subject to the attorney-client privilege. However, any documents claimed by you to be privileged or portions thereof should be retained by you in their original form for production to the Court in camera for a determination of any attorney-client privilege claims which you may assert.