UNITED STATES of America, et al., Petitioners,

v.

Jack DENARO, Respondent.

In the Matter of the Tax Liability of Mitchell E. JACOBS.

No. 86–1910 CIV.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 11, 1986.

Wendy Jacobus, Asst. U.S. Atty., Miami, Fla., for petitioner.

## MEMORANDUM DECISION

SCOTT, District Judge.

### I.

An Internal Revenue's Summons was issued and served, pursuant to 26 U.S.C. 7602, upon Respondent, Jack Denaro who is a well known and highly regarded criminal defense attorney. The summons sought various financial documents reflecting fees Denaro received from a former client, Mitchell E. Jacobs. The Internal Revenue Service is conducting an investigation into Jacobs' correct tax liability for 1980, 1981, 1982, 1983 and 1984. The government is already aware from public records of the criminal court that Jacobs posted a cash bond in the amount of $24,-150, which was returned to him by check upon completion of the criminal case. The public records further show that this check was then endorsed over to Denaro—apparently as part of the negotiated fee for his services in the criminal case. Now the government seeks by virtue of this summons to determine the correct amount of fees paid to Denaro by Jacobs in order to make a complete net worth computation.

### II.

Respondent opposes production of the documents contending (a) compliance would violate the attorney-client privilege because it would supply the "last link" in an existing chain of evidence likely to lead to Jacobs' indictment; and (b) the government's need for the fee documents is unnecessary in light of the information supplied by the public records.

### III.

In support of his attorney-client privilege assertion, Denaro relies upon

*United States v. Jones,* 517 F.2d 666 (5th Cir.1975). The government counters arguing that matters involving the receipt of attorney's fees are not usually privileged. *United States v. Ponder,* 475 F.2d 37 (5th Cir.1973). More specifically, the government cites *In re Slaughter,* 694 F.2d 1258 (11th Cir.1982), wherein the Court discussed the last link doctrine as it relates to client fees. The Eleventh Circuit stated in relevant part:

> "The law in this circuit is that matters involving the receipt of fees from a client are not generally privileged. A 'limited and rarely available' exception to the general rule involves situations where the disclosure of fee information would give the identity of a previously undisclosed client/suspect. [citing *U.S. v. Jones*] Under the exception courts do not require disclosure where more than simple fee information will necessarily come to light by compliance with the order, thereby uncovering privileged information."

*In re Slaughter,* 694 F.2d at 1260. Since the identities of the client and the attorney were already known by the grand jury, the court in *Slaughter* held that the attorney-client privilege did not attach.

Another case not cited by petitioner or the respondent is the latter decision of *In re Grand Jury Investigation* (Harvey), 769 F.2d 1485 (11th Cir.1985). In that case, the Eleventh Circuit *again* stated that the last link exception does not apply where the identity of the client as well as the existence of fees are known to the government overruling an attorney's objection to giving grand jury testimony concerning his fees.

In the present case, the Internal Revenue Service knows the identity of the client as well as the fact that fees have been paid to Denaro. Accordingly, the information sought is not within the attorney-client privilege.

### IV.

Denaro next contends that because the Internal Revenue Service has seen the criminal court file, there is no need to produce his fee information. This argument lacks merit. While the government is aware that a check in the amount of $24,-150 was endorsed to Denaro by Jacobs, the piece of evidence does not complete the evidentiary picture. The government is entitled to discover the final fee paid by Jacobs in order to complete the net worth computation. It may be that $24,150 was only part of the fee; alternatively, it may be that the fee was less. Be that as it may, the endorsed check is not the final word—the fee ledger is.

### V.

Accordingly, it is hereby:

ORDERED and ADJUDGED as follows:

1. Petitioner has met its burden for enforcement of the summons.

2. Respondent's objections lack merit.

3. Respondent shall produce within ten (10) days from the date of this order, *only* the Mitchell E. Jacobs cash receipt journal and bank deposit data.

4. The Court retains jurisdiction to effectuate this order.