# BROWNE v BROWNE

Case No. 87-36841 FC (12)

Eleventh Judicial Circuit, Dade County

July 31, 1989

## APPEARANCES OF COUNSEL

**Brian R. Hersh,** for wife.

**Leonard Rubin,** for husband.

## OPINION OF THE COURT

STEVEN D. ROBINSON, Circuit Judge.

### ORDER ON EX-WIFE'S MOTION TO COMPEL PRODUCTION OF THE EX-HUSBAND'S COUNSEL'S TIME SHEETS, BILLING AND RECORDS OF PAYMENTS AND TO ALLOW DEPOSITION OF THE EX-HUSBAND'S COUNSEL

THIS CAUSE came on before this Court on July 27, 1989 on the Motion of Brian R. Hersh, Esquire, counsel for the ex-wife. The sole

issue pending in this case is the amount of attorney's fees due to Mr. Hersh as Wife's counsel. Mr. Hersh moved to compel the production of the ex-husband's counsel's time sheets, billings, and records of payments. These documents were requested on the ground that the ex-husband's counsel's time records were relevant to any defense of the ex-husband as to the reasonable amount of time spent and reasonable hourly billing rate for the ex-wife's claimed attorney's fees. The ex-husband's counsel had in fact deposed Mr. Hersh.

At the hearing, ex-husband's counsel did not object to the production. He did, however, request the court to redact attorney-client privileged notations.

The Court considered the argument of counsel, reviewed the file and was otherwise advised in the premises, and accordingly makes the following findings of fact and enters the following order thereon:

### FINDINGS OF FACT

A. The parties have been involved in protracted litigation stemming from a dissolution of marriage proceeding since July, 1987.

B. This Court has previously ruled that the ex-wife, MIRYAM T. COSTALES f/k/a MIRYAN T. BROWNE was entitled to an award of attorney's fees.

C. The sole issue pending in this case is the amount of attorney's fees due to the ex-wife's counsel.

D. On July 21, 1989, Mr. Hersh filed and served his Motion to Compel Production of Donald Browne's counsel's time sheets, billing and records of payments and Emergency Motion to Allow Deposition of Donald Browne's counsel to be held.

E. On July 24, 1989, the ex-husband's counsel served a Notice of Taking Deposition duces tecum on Brian R. Hersh for July 25, 1989, and requesting the deponent to produce his original time records and courier receipts for services of pleadings in this case, for the purpose of discovery. Mr. Hersh complied with the notice and production requests.

F. On July 27, 1989, the Court heard Mr. Hersh's motions to compel production of opposing counsel's time sheets, billings and records of payments and to allow the deposition of the Husband's counsel and considered the following:

### 1. RELEVANCY:

Fla.R.Civ.P. 1.280(b)(1) provides, in pertinent part "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant

**201**

to the subject matter of the pending action." Under Rule 1.280(b)(1), on the issue of the amount of attorney's fees recoverable by the ex-Wife's counsel, opposing counsel's time sheets, billings and records of payments are both relevant and material. These documents contain information concerning legal services provided to the ex-husband and are relevant in determining what hours the ex-wife's counsel should reasonably have spent on the case. *Bouyer v Fortune Insurance Co.,* 28 Fla. Supp.2d 39 (Fla. Orange County, 1987). (The plaintiff prevailed in a defamation action and sought attorney's fees from the defendant. The court held that on the sole issue of amount of attorney's fees recoverable, the discovery of the defense counsel's time sheets and summaries of hours expended were relevant.)

## 2. WORK-PRODUCT:

Opposing counsel's time sheets, billings, and records of payments do not fall within the definition of work-product. *Bouyer, supra,* at 40; *Surf Drugs, Inc. v Vermette,* 236 So.2d 108 (Fla. 1970); *Eastern Air Lines, Inc. v Gilbert,* 431 So.2d 329 (Fla. 3d DCA 1983). Work product is defined as material prepared by an attorney in anticipation of litigation, including private memoranda, written statements of witnesses and mental impressions of personal recollections prepared or formed by an attorney in anticipation or for trial. The work-product privilege "ensures that the attorney will be able to protect his client's interests within the framework of our justice system." *Bouyer,* at 41.

Florida law clearly allows discovery of opposing counsel's time sheets, billings and records of payments because keeping such records does not require the knowledge or analytical skills of an attorney. See *Gilbert, supra,* where a subpoena duces tecum commanded *inter alia* Eastern Air Lines' attorney to produce all monies paid to him and his law firm by Eastern, the court held that these documents were not work product; and *Vermette, supra,* where the Florida Supreme Court held work-product is defined as "personal views of the attorney as to how and when to present evidence, his evaluation of its relative importance, his knowledge of which witness will give certain testimony, personal notes and records as to witnesses, jurors, legal citations, proposed arguments, jury instruction, diagram and charts he may refer to at trial for his convenience, but not to be used as evidence, come within the general category of work product." *Vermette,* at 112.

## 3. ATTORNEY-CLIENT PRIVILEGE:

Opposing counsel's time sheets, billings, and records of payments are not protected from discovery under the attorney-client privilege. This privilege is defined as a client's privilege to refuse to disclose and to

202

prevent any other person from disclosing confidential communications between he and his attorney. The privilege protects communications between an attorney and his client from public disclosure in the interest of encouraging full disclosure of facts by the client to his attorney and it applies only to the *content* of those communications not to the fact that communications did occur. *Bouyer,* at 41.

Likewise, in *Gilbert, supra,* the Court held that "[i]t is equally apparent that the records of payments and the names and addresses of parties to whom long distance phone calls were made do not implicate the attorney-client privilege." *Gilbert,* at 331.

### 4. FEDERAL AUTHORITY ON THIS ISSUE:

Federal courts have addressed the issue of whether, on the issue of attorney's fees, opposing counsel's records in connection with his fees are discoverable. In *Strastny v Southern Bell Telephone and Telegraph Co.,* 77 F.R.d. 662 (W.D.N.C. 1979), the court held that "[i]n a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative. Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue." *Strastny,* at 663, 664.

Another federal court, in the case of *In Re Grand Jury Proceedings (Slaughter),* 694 F.2d 1258 (11th Cir. 1982), held that "matters involving the receipt of fees from a client are not generally privileged. [Citations omitted.] A 'limited and rarely available' exception . . . involves situations where the disclosure of fee information would give the identity of a previously undisclosed client," (citing *United States v Jones,* 517 F.2d 666 (5th Cir. 1975). Also see, *In Re Grand Jury Proceedings (Twist),* 689 F.2d 1351 (11th Cir. 1982) (exception to the rule when disclosure of the client's identity by his attorney would supply the last link in an existing chain of incriminating evidence likely to lead to the client's indictment).

### 5. CONCLUSION OF LAW

In this case, the sole issue pending before this Court is the amount of attorney's fees due to the ex-wife's counsel. Discovery of the documents requested and the deposition of the ex-husband's counsel regarding the produced items are relevant and are not within the scope of the work product or attorney-client privileges.

Accordingly, it is

203

ORDERED AND ADJUDGED that:

1. Brian R. Hersh's Motion to Compel Production of DONALD BROWNE's counsel's time sheets, billing and records of payment (as redacted by Browne's counsel) be and it is hereby granted. These records shall be produced at the office of ex-wife's counsel on or prior to the close of business on August 3, 1989.

2. Brian R. Hersh's Motion to Allow Deposition of DONALD BROWNE's counsel was not heard. The Court suggests that such a deposition is appropriate.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 31st day of July, 1989.