In re GRAND JURY MATTER
NO. 91–01386.

United States of America, Appellant.

No. 91–7928.

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1992.

Frank W. Donaldson, U.S. Atty., Frank M. Salter, Asst. U.S. Atty., Birmingham, Ala., Thomas M. Gannon, Kathleen A. Felton, U.S. Dept. of Justice, Crim. Div., Appellate Section, Washington, D.C., for appellant.

Robert B. French, Jr., Fort Payne, Ala., for appellee.

Before DUBINA, Circuit Judge, HILL and CLARK[*], Senior Circuit Judges.

HILL, Senior Circuit Judge:

The government appeals from the district court's order quashing the Federal Grand Jury's subpoena *ad testificandum* issued to appellee attorney, Robert B. French. Because disclosure of the identities of attorney French's clients will not reveal any confidential communications protected by the attorney-client privilege, we reverse the district court's order and remand the case for further proceedings in accordance with this opinion.

## BACKGROUND

Appellee attorney French received two cash payments from two separate clients on the same day. Each payment included several one hundred dollar bills. French was later notified that one of the hundred dollar bills was counterfeit.

Upon being informed that he might be the subject of a Grand Jury subpoena regarding the counterfeit bill and inquiry into the names of his two clients who paid him with one hundred dollar bills, French sought the advice of the Alabama State Bar Association. The Bar Association advised him to reveal the identities of the two clients only if ordered to do so by a court of competent jurisdiction.

Upon receipt of a subpoena from the Federal Grand Jury directing him to appear and testify before it, French filed a motion to quash, claiming the attorney-client privilege as a basis for his claim that he should not have to appear and testify. The government brought a countervailing motion requesting that the court order French to appear and testify.

After a hearing, part of which was held *in camera* with only French and the dis-

---

[*] *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

trict judge present, the district court entered an order quashing the subpoena.

In its accompanying memorandum opinion, the district court relied extensively upon the Ninth Circuit's reasoning in *United States v. Hodge and Zweig*, 548 F.2d 1347 (9th Cir.1977), which recognized that, as a general rule, the identity of an attorney's clients and the nature of fee arrangements are not confidential communications protected by the attorney-client privilege. However, *Hodge and Zweig* noted an exception to this general rule upon which the district court based its ruling:

> A client's identity and the nature of that client's fee arrangements may be privileged where the person invoking the privilege can show that a strong probability exists that disclosure of such information would implicate that client in the very criminal activity for which legal advice was sought.

*Hodge and Zweig*, 548 F.2d at 1353 (citations omitted). Reasoning that "[t]he Grand Jury before which Mr. French would be revealing the names of his clients, if ordered to do so, has certain prospective general targets, one of whom may well be one of Mr. French's clients.... For aught appearing, it is likely that at least one of Mr. French's unnamed clients has a name which the Grand Jury has already heard," the court granted the motion to quash. The government's appeal ensued.

## DISCUSSION

■ We are presented with the question of whether the attorney-client privilege extends to an attorney's refusal to identify before the Grand Jury the identity of two clients, one of whom may have paid him with counterfeit money. Because it involves a mixed question of law and fact, our standard of review for the district court's determination of the applicability of the attorney-client privilege is plenary. *In re Grand Jury Proceedings 88–9 (Newton)*, 899 F.2d 1039, 1042 (11th Cir.1990).

■ "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). The protection afforded by the attorney-client privilege promotes full and frank communications between an attorney and client in order to facilitate the maximum effectiveness of the attorney's representation. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The privilege is, in this regard, absolutely essential to our representational system.

■ Yet the privilege is not all-inclusive and is, as a matter of law, construed narrowly so as not to exceed the means necessary to support the policy which it promotes. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). Thus, the argument that *any* communication between an attorney and client is protected by the privilege is overbroad. Merely because a matter which a lawyer is asked to reveal might incriminate a client does not make that matter privileged. The privilege is not designed to protect revelation of incriminating matters, only confidential communications between the attorney and client regarding the matter of representation.

■ The identity of a client and the receipt of attorney's fees normally are not privileged matters. *In re Grand Jury Proceedings (Jones)*, 517 F.2d 666, 671 (5th Cir.1975);[1] *Newton*, 899 F.2d at 1042. However, this court has recognized an exception to this rule "where disclosure of the identity would also reveal the privileged motive for the client to seek legal advice." *Newton*, 899 F.2d at 1043. This exception is included within what is known generally as the "last link" doctrine, where the identity of the client may become privileged because it "may well be the link that could form the chain of testimony necessary to convict the individual of a federal crime." *Baird v. Koerner*, 279 F.2d 623,

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

633 (9th Cir.1960); *see Jones*, 517 F.2d at 671.[2] This court had applied the "last link" doctrine only in rare instances. *See Slaughter*, 694 F.2d at 1260; *Newton*, 899 F.2d at 1043; *Jones*, 517 F.2d at 671.

Similarly, matters regarding the payment of attorney's fees are privileged only if "more than simple fee information will necessarily come to light by compliance with the order, thereby uncovering privileged information." *Slaughter*, 694 F.2d at 1260.

The "last link" doctrine extends the attorney-client privilege to non-privileged information—here, the identity of clients and payment of fees—when "disclosure of that identity would disclose *other*, privileged communications (e.g., motive or strategy) and when the incriminating nature of the privileged communications has created in the client a reasonable expectation that the information would be kept *confidential*." *In re Grand Jury Proceedings (Rabin)*, 896 F.2d 1267, 1273 (11th Cir.1990) (emphasis in original). We agree with the clarification of the Ninth Circuit, where the exception had its origin, that "[t]he principle of [the "last link" doctrine is] not that the privilege applie[s] because the identity of the client [is] incriminating, but because in the circumstances of the case disclosure of the identity of the client [is] in substance a disclosure of the confidential communication in the professional relationship between the client and the attorney." *In re*

*Osterhoudt*, 722 F.2d 591, 593 (9th Cir. 1983).

■ As this excerpt indicates, a reading of the case history reveals that the "last link" exception applies only when it is shown that, due to extraordinary circumstances, disclosure of the client's identity or details of the fee arrangement would reveal fee information which is tantamount to a confidential professional communication.

■ The present case does not fall within the exception to the rule that client identification is not generally within the attorney-client privilege. On the record before us, it is evident that disclosure of this usually non-privileged information will not result in linking the clients with, or the disclosure of, confidences which fall within the protection of the privilege.

Merely because the matter which will be disclosed may incriminate the client does not make the matter privileged.[3] It follows that it was erroneous for the district court to reason that because it was likely that the Grand Jury had previously heard one of the clients' names, the identity of the clients was therefore privileged.

■ Furthermore, our review of the record convinces us that disclosure of the clients' identity will not provide the government with a necessary link to, or revelation of, any confidential matters which fall within the attorney-client privilege. Disclosure of the clients' identities will not in any sense disclose the reasons for which they

---

**2.** In *Baird*, adopted by this court in *Jones, supra*, several taxpayers consulted an attorney because they had understated their income taxes. The attorney sent a payment to the Internal Revenue Service (IRS), explaining the circumstances without revealing the names of his clients. When the IRS served a summons on the attorney, demanding that he name the clients, the attorney refused. The Ninth Circuit upheld his claim that the clients' identities fell within the attorney-client privilege. The court's reasoning was based upon the fact that the attorney had already disclosed the motive for his client's retaining his legal services and the substance of his legal advice to him. Therefore, the effect of disclosing the client's names would provide the last link to those confidential communications pertaining to the matter of representation.

*Hodge and Zweig*, upon which the district court based its order granting appellee's motion

to quash, is a formulation of the principles enunciated in *Baird*. The language relied upon by the district court was dictum which has been criticized by later Ninth Circuit cases critical of its formulation of the *Baird* rule. *See Tornay v. United States*, 840 F.2d 1424, 1427–1428 (9th Cir.1988); *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 497 (9th Cir.1986); *In re Osterhoudt*, 722 F.2d 591, 593–594 (9th Cir.1983).

**3.** Indeed, under the crime-fraud exception to the privilege, if a client reveals to an attorney an intention to violate the law, the attorney is under an absolute duty to disclose that communication. *In re Grand Jury (G.J. No. 87–03–A)*, 845 F.2d 896, 897–98 (11th Cir.1988); *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226–28 (11th Cir.1987).

sought representation. Nor will disclosure of the clients' identities provide the "last link" to any confidential matters protected by the privilege. Nor will such disclosure be tantamount to the revelation of confidential matters. Disclosure of the clients' identities will link them with *only* the payment of a counterfeit one hundred dollar bill, which is not a communication at all.[4] The "last link" doctrine has no application under these circumstances and the district court's reliance upon it was misplaced.

We note that attorney French has defended the attorney-client privilege with admirable zeal and is to be commended for the determination he has brought to this effort. We reaffirm our strong belief that the privilege is essential to our system of representation. But we are not, and ought not be, empowered to expand the privilege beyond the sphere of its underlying purpose—promoting full candor between client and attorney regarding matters of representation. To apply the privilege under these facts would be an affront to that very system, as it would effectively insulate discoverable acts merely because they were enacted in the presence of an attorney.

CONCLUSION

Because the matters of attorney's fees and client identification are generally not within the scope of the attorney-client privilege, and this situation does not fall within the "last link" exception to that rule, we hold that the names of the two clients who paid attorney French with one hundred dollar bills on the day in question are not protected by the attorney-client privilege. The order of the district court granting appellee's motion to quash the Grand Jury subpoena is REVERSED, and the matter is REMANDED for further proceedings in accordance with this opinion.

---

**4.** We caution that what we say here requiring disclosure of the names of the two clients is not to be taken as intimating that the government may make inquiry into confidential matters which do fall within the attorney-client privilege. At oral argument, the government assured this court that it was not interested in inquiring into such matters. If, however, such inquiries should invade the confidences of the privilege, appropriate objections may be lodged and ruled upon.