896 F.Supp. 1207 (1995)
UNITED STATES of America,
v.
Ronald Owen BILBREY, Jr., Herbert Charles Register, Jubal Charles Register, John Thomas Monday, and David Alan Carnley, Defendants.
No. 93-305-Cr-T-17(A).
United States District Court, M.D. Florida.
August 29, 1995.
*1208 Jeffrey Downing, Assistant United States Attorney, Tampa, FL, Robert P. Barclift, Assistant United States Attorney, Ft. Myers, FL, for U.S.
Manuel Anthony Machin, P.A., Tampa, FL, Henry Gonzalez, P.A., Tampa, FL, for defendant Ronald Owen Bilbrey, Jr.
Franklyn Louderback, Louderback, McCoun & Helinger, St. Petersburg, FL, for defendant Herbert Charles Register.
Omar F. Medina, Tampa, FL, for defendant Jubal Charles Register.
Carl A. Johnston, Tampa, FL, for defendant John Thomas Monday.
Donald E. Horrox, Clearwater, FL, for defendant David Alan Carnley.

Memorandum Opinion and Order
GAGLIARDI, Senior District Judge.
The Lakeland Publishing Corporation, publisher of The Ledger, has moved to intervene and petitioned for access to transcripts of closed proceedings and other sealed documents. While intervention for this purpose is proper, the petition for access is denied for the reasons set forth below.
On February 1, 1994, the government filed a motion for resolution of an alleged conflict of interest, which Magistrate Judge Charles R. Wilson ordered sealed. The government's justification for sealing the matter, at the time of sealing and in later proceedings, was twofold: to protect an ongoing criminal investigation and to prevent the disclosure of matters occurring before a grand jury. The government argued that these concerns would be compromised if the information revealed in the pleadings and proceedings on this matter were made public.
On March 2, 1995, in its response to the Ledger's petition, the government stated that it did not oppose the motion (in regard to the conflict of interest) because its concern about an ongoing criminal investigation was no longer implicated. However, the response did not address the issue of grand jury information. Rule 6(e)(5) of the Federal Rules of Criminal Procedure provides that "the court shall order a hearing on matters affecting a grand jury proceeding to be closed to the extent necessary to prevent disclosure of matters occurring before a grand jury." The Notes of the Advisory Committee further explain that Rule 6(e)(5) "would make it clear that certain hearings which would reveal matters which have previously occurred before a grand jury or are likely to occur before a grand jury with respect to a pending or ongoing investigation must be conducted in camera in whole or in part in order to prevent public disclosure of such secret information." Therefore, the sealed documents shall remain sealed to protect against the disclosure of matters occurring before a grand jury.
In so ruling, the Court need not reach the issue of whether the First Amendment right to access attaches to attorney disqualification proceedings. In Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (hereinafter "Press-Enterprise II"), the Supreme Court set forth a two-step analysis of the right to access. First, the Court must determine if a qualified right of access attaches to the particular process at issue, which itself involves two "complementary considerations:" (1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question. Id. at 89, 106 S.Ct. at 2740-41. Second, if this qualified right attaches, the presumption of openness "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 9-10, 106 S.Ct. at 2741; see also, U.S. v. Valenti, 987 F.2d 708 (11th Cir.), cert. denied ___ U.S. ___, 114 S.Ct. 289 (1993).
*1209 In the instant case, even if the right of access were to apply, any presumption of openness is overcome by the overriding interest of grand jury secrecy. The Eleventh Circuit has previously recognized that this compelling interest outweighs a claimed right of access. In re Petition of Tribune Co., 784 F.2d 1518, 1522 (11th Cir.1986) (denying petition for access to transcripts of bench conferences relating to grand jury matters). See also, In re Subpoena to Testify Before Grand Jury, 864 F.2d 1559 (11th Cir.1989) (holding that the right of access does not attach to grand jury proceedings).
The Court has considered alternatives short of sealing the entire matter. However, the papers filed in this matter and the hearings themselves are permeated with information that the government has previously indicated is grand jury information. Therefore, the entire matter must remain under seal.[1]
The Ledger also challenges the procedure used to docket sealed documents. In U.S. v. Valenti, supra, the Eleventh Circuit struck down the Middle District of Florida practice of maintaining a separate docketing system for sealed documents that completely hid from the public the existence of sealed proceedings. Under the current procedure, sealed documents are labeled simply as "Sealed document" in the docket sheet with a corresponding docket number.
The Ledger argues that this docket entry, without any explanation as to the nature of the document, does not comply with Valenti. However, in Valenti, the harm redressed was the fact that the public had no notice that sealed proceedings were occurring at all, not that the Court failed to disclose the nature or content of the sealed documents. The same was true in In re Washington Post Co., 807 F.2d 383 (4th Cir.1986), cited by the Ledger in support of its argument. Such a disclosure would often defeat the purpose of closure. If a party later moves for access to the sealed proceedings, the court must provide valid reasons for closure pursuant to Press Enterprise II and its progeny, which this Court has done in this order. Nonetheless, there is no requirement that the Court issue its reasons prior to closing a proceeding. Valenti, supra, at 713-14. Therefore, the Court finds that the current docketing system complies with Valenti.
For the reasons discussed, the Ledger's petition for access is denied, and the sealed documents in this case shall remain sealed.
So Ordered.
NOTES
[1] The Ledger also based its petition on the common law right of access to criminal proceedings and files. However, the Court need not address this argument specifically since the common law provides less protection for the public than the First Amendment right of access analyzed supra. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99, 98 S.Ct. 1306, 1311-13, 55 L.Ed.2d 570 (1978) (a denial of access is reviewed only for abuse of discretion under the common law).