**UNITED STATES of America,**
**Plaintiff–Appellee,**

**The Fernandina Beach News–Leader,**
**Inc., Intervenor–Appellee,**

v.

**Lawrence E. ELLIS, a/k/a Laurie**
**Ellis, Defendant–Appellant.**

**Nos. 93–3230, 94–2570.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1996.

Gerald S. Bettman, Jacksonville, FL, for Appellant in No. 93–3230.

James R. Klindt, U.S. Attorney's Office, Jacksonville, FL, Tamra Phipps, Peggy Morris Ronca, Asst. U.S. Attys., Tampa, FL, for Appellee in No. 93–3230.

Roberto Arias, Stephen Weinbaum, Jacksonville, FL, for Appellant in No. 94–2570.

James Klindt, Asst. U.S. Atty., Jacksonville, FL, for Appellee in No. 94–2570.

Before KRAVITCH and BIRCH, Circuit Judges, and SCHWARZER *, District Judge.

WILLIAM W SCHWARZER, Senior District Judge:

This is an appeal from an order of a magistrate judge unsealing the transcript of an *in camera* hearing on defendant Ellis's application for appointment of counsel. It calls on us to interpret and apply Addendum Four (d)(2) of the Eleventh Circuit Criminal Justice Act Plan. We find no error in the order and affirm.

Also before us is the consolidated appeal from Ellis's conviction. We hold that Ellis's arguments have no merit and affirm his conviction pursuant to Circuit Rule 36–1.[1]

---

* Honorable William W. Schwarzer, Senior U.S. District Judge for the Northern District of California, sitting by designation.

1. 11th Cir.R. 36–1 provides:
    When the court determines that any of the following circumstances exist:

    (a) judgment of the district court is based on findings of fact that are not clearly erroneous;
    (b) the evidence in support of a jury verdict is sufficient;

## Proceedings Below

Ellis, the former Sheriff of Nassau County, was convicted of multiple counts involving drug trafficking and obstruction of justice. During trial and through sentencing, retained counsel represented him. He then moved for leave to appeal *in forma pauperis* under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. The motion was referred to a magistrate judge who scheduled an *in camera* hearing.

The Fernandina Beach News–Leader, Inc. filed a motion to intervene and objected to the closure of the hearing. The magistrate judge granted the motion but determined that the News–Leader's claim of access was outweighed by Ellis's contention that disclosure of information he expected to produce at the hearing would, among other things, infringe on his Fifth Amendment rights. The magistrate judge deferred until after the hearing the decision whether the transcript should remain sealed.

Following the *in camera* hearing, the magistrate judge granted Ellis's motion to proceed *in forma pauperis*. He also found that the information disclosed was not incriminatory, that it was not an over broad disclosure of private financial matters, and that defense counsel's privacy interest in the fee agreement was not a compelling reason to maintain the transcript under seal, and ordered the transcript unsealed. The district court affirmed the order but stayed the unsealing pending appeal. Ellis now appeals from the order.

## Appellate Jurisdiction

■ The News–Leader, though not otherwise a party, had standing to challenge the denial of access to judicial proceedings. *United States v. Valenti*, 987 F.2d 708, 711 (11th Cir.1993), *cert. denied*, 510 U.S. 907, 114 S.Ct. 289, 126 L.Ed.2d 238 (1993). It necessarily has standing here to defend the unsealing order.

(c) the order of an administrative agency is supported by substantial evidence on the record as a whole;

(d) a summary judgment, directed verdict, or judgment on the pleadings is supported by the record;

■ An order denying access is reviewable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir.1983). While the interest in protecting the press's ability to cover contemporaneously judicial proceedings would not support an interlocutory appeal of an order refusing to deny access, we see no reason for precluding review following final judgment in the underlying proceedings. *See United States v. Suarez*, 880 F.2d 626, 628 (2d Cir. 1989) (order releasing CJA forms at request of newspapers stayed pending appeal, held reviewable). We have held that the fact that they have concluded those proceedings does not make review of such orders moot because this is the kind of controversy that is capable of repetition yet evading review. *Valenti*, 987 F.2d at 712; *Newman*, 696 F.2d at 800.

## The Validity of the Order

■ Section 3006A(c) of the CJA provides that "[i]f at any stage of the proceedings, including an appeal, the United States magistrate [judge] or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided [in the act]." Section 3006A(b) states that the magistrate judge or the court, "if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him." Addendum Four (d)(2) of the Eleventh Circuit's CJA plan provides

Unless approved in advance by [the court of appeals], the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel.

(e) the judgment has been entered without a reversible error of law;

and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

Ellis argues that because the Addendum [2] makes an *in camera* hearing mandatory where appointment of CJA counsel is sought in the present circumstances, it precludes the later unsealing of the transcript of the hearing. As a textual matter, the Addendum does not sweep so broadly. Its thrust is to require full financial disclosure before a defendant previously represented by retained counsel may have CJA counsel appointed. Thus, it bars appointment "without first conducting an *in camera* review...." The plain meaning of the Addendum does not encompass the requirement Ellis reads into it: that information submitted *in camera* should remain perpetually under seal.

Nor is it necessary for the Addendum's effectiveness to read into it a requirement that the transcript of the hearing be maintained under seal after the court has determined that this is no longer necessary. The purpose of *in camera* disclosure in the first instance is to protect the defendant's right to a fair trial; information may be revealed which, if it becomes public, may prejudice the defense. That purpose would not be served by maintaining the transcript under seal once the prosecution has been concluded.

■ Even if the Addendum were ambiguous, we would interpret it to avoid conflict with the First Amendment. "The public and the press have a qualified constitutional right to attend criminal trials." *Valenti*, 987 F.2d at 712 (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 2619–20, 73 L.Ed.2d 248 (1982)). That right extends to post-trial proceedings. *See Newman*, 696 F.2d at 801. We held in *Valenti* that "where a court properly denies the public and the press access to portions of a criminal trial, the transcripts of properly

closed proceedings must be released when the danger of prejudice has passed." *Id.* at 714.

It is true that no reported cases have involved application of the First Amendment right of access to information about the fees and costs paid to and costs incurred and services rendered by retained counsel. The closest case is *Suarez*, 880 F.2d at 630–31, where a local newspaper sought access to court-approved CJA vouchers to obtain information on how much was being paid to appointed counsel and for what services. Defendants argued that the release of the vouchers prior to conclusion of all criminal proceedings against them would deny them the effective assistance of counsel and infringe the attorney-client privilege and work-product protection. The court held that the presumption of public access to criminal trials applied to documents filed in connection with criminal proceedings, and that it applied to CJA vouchers because of the strong public interest in information about how public funds were being spent. It observed that if disclosure of particular information might be prejudicial, defendants would be able to seek special protection.

■■ The instant case is analogous. Although it involves an inquiry into payment of private funds to retained trial counsel, the issue before the district court was whether Ellis, who was able to retain private counsel for trial, should be furnished CJA counsel on appeal at public expense. Ellis argues that it is unreasonable to inquire into confidential matters between client and counsel, such as financial arrangements and how time was spent. However, "[t]he identity of a client and the receipt of attorney's fees normally are not privileged matters." *In re Grand*

---

**2.** Ellis asks us to examine the Eleventh Circuit's CJA plan in conjunction with a purported Local Rule 2.03(d) of the Middle District of Florida, which allegedly provides:

> If a defendant who had retained counsel during trial moves the court to proceed on appeal *in forma pauperis* or for appointment of Criminal Justice Act appellate counsel, retained counsel will be required to disclose *in camera* (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, (3) the costs actually incurred and services actually rendered. All information submitted will be

> viewed *in camera* by the court for the purpose of deciding the defendant's *in forma pauperis* motion and for determining whether retained counsel should continue to prosecute or defend the appeal.

Although the rule is cited in the briefs of both parties, our research has failed to confirm the existence of this rule or any like it either at the time of the proceedings below or thereafter. Our analysis and conclusion, however, would be no different if the rule existed along with the Addendum.

*Jury Matter*, 969 F.2d 995, 997 (11th Cir. 1992). Such matters are privileged only if their disclosure would lead to uncovering privileged information. *Id.* at 998. Ellis does not argue that the unsealing of the transcript would have that effect, nor does he make a claim that he would be otherwise prejudiced.

We hold that Addendum Four (d)(2) did not bar the district court from unsealing the transcript of the *in camera* hearing and that the court's order was not an abuse of discretion. The order is AFFIRMED.