UNITED STATES of America,
Plaintiff,

v.

William J. McCORKLE, a/k/a William T. McCorkle, Chantal McCorkle, et al., Defendants;

F. Lee Bailey, Claimant;

Orlando Sentinel Communications, Inc., Intervenor.

No. 98–52–CR–ORL–19C.

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 24, 1999.

Adelaide G. Few, U.S. Attorney's Office, Tampa, FL, Paul G. Byron, Marie L. De-Marco, U.S. Attorney's Office, Middle District of Florida, Orlando, FL, for U.S.

F. Lee Bailey, Law Office of F. Lee Bailey, West Palm Beach, FL, William M. Kent, Law Offices of William M. Kent, Jacksonville, FL, for William J. McCorkle, defendant.

Mark L. Horwitz, P.A., David D. Fussell, Law Offices of Horwitz & Fussell, PA, Orlando, FL, for Chantal McCorkle, defendant.

Brian Higgins, Winter Springs, FL, Larry H. Colleton, Law Office of Larry H. Colleton, Orlando, FL, for Brian Higgins, defendant.

Robert Eagan, Orlando, FL, for American Empire Management and Development Co., Central Florida Real Estate

Guide, Inc., Fortunes In Foreclosures, Inc., Francis Leichman Corp., Cashflow System, Inc., Cashflow Inc., Amazing Cash Flow, Inc., Pre-Foreclosure Bank Owned Properties, Inc., Synchronol, Inc., defendants.

Robert James Buonauro, Law Office of Robert J. Buonauro, Robert Eagan, Orlando, FL, for MTI Investment, Inc., defendant.

Ann Marie Giordano Gilden, Law Office of Ann Marie Giordano Gilden, PA, Herman Venske, Oviedo, FL, for Herman Venske, defendant.

David S. Bralow, Holland & Knight-Maguire, Orlando, FL, for Orlando Sentinel Communications, interested party.

Jacqueline H. Dowd, Attorney General's Office, Orlando, FL, for Robert A. Butterworth, interested party.

Jack A. Kirschenbaum, Gray, Harris & Robinson, PA, Melbourne, FL, for Wayne Haverly, WKMG-TV Channel 6, interested parties.

F. Douglas McKnight, Law Office of F. Douglas McKnight, Orlando, FL, for Eastern Federal Corporation, interested party.

Richard E. Stadler, Stadler & Harris, P.A., Tutsville, FL, for William P. Swartz, III, interested party.

Robert Quentin Williams, Williams, Smith & Summers, P.A., Tavares, FL, for Robert K. McKee, interested party.

Steven R. Bechtel, Michael A. Paasch, Mateer & Harbert, P.A., Orlando, FL, for Earl K. Wood, interested party.

Lorrie Nassofer, Winter Garden, FL, for Lorrie Nassofer, interested party.

Jerry Ray Linscott, Scott E. Damon, Eric Scott Golden, Baker & Hostetler, Orlando, FL, for Charter Pacific Bank, interested party.

Scott D. Bishop, Christopher William Conomos, Butler & Hosch, P.A., Orlando, FL, for C.V. Butler Farms, Inc., interested party.

Sarah G. Spear, Montgomery County Alabama, Montgomery, AL, for Sarah G. Spear, interested party.

Robert H. Roth, Winter Park, FL, for Sunshine Telephone, Inc., interested party.

Jimmie Zeigler, Montgomery, AL, for Jimmie Zeigler, interested party.

Shamont Sapp, Albion, PA, for Shamont Sapp, interested party.

John Walters, Tuscaloosa, AL, for John Walters, interested party.

Richard G. Lubin, Lubin & Gano, P.A., West Palm Beach, FL, F. Lee Bailey, Law Office of F. Lee Bailey, West Palm Beach, Fl, for F. Lee Bailey, interested party.

HomeSide Lending, Inc., San Antonio, TX, for HomeSide Lending, Inc., interested party, Scott Justice, Holland & Knight, LLP, Orlando, FL, for United Parcel Service, interested party.

GLAZEBROOK, United States Magistrate Judge.

This cause came on for a hearing on October 20, 1999 on the following motion:

| MOTION: | ORLANDO SENTINEL COMMUNICATIONS, INC.'S MOTION TO INTERVENE AND PETITION FOR ACCESS [Docket No. 776] |
|---|---|
| FILED: | October 18, 1999 |
| DISPOSITION: | GRANTED in part, and DENIED in part. |

## I. *BACKGROUND*

On October 18, 1999, the *Orlando Sentinel* moved to intervene in this case, sought transcripts of *in camera* hearings held on May 25, 1999, July 28, 1999, and August 24, 1999, and sought prior notice of any action to close future proceedings in this case. Docket No. 776 at 2. The *Orlando Sentinel* stated its belief that "some of these hearings involved the general issue of whether F. Lee Bailey, the attorney representing a Defendant, should be held in contempt for failing to abide by an Order of this Court." Docket No. 776 at 1. On reference pursuant to Local Rule 6.01(b) and (c)(18), the Court held a hearing on the *Orlando Sentinel's* motion on

October 20, 1999, and **GRANTED** the motion to intervene. The request for access is **GRANTED** to the extent stated in this order, and is otherwise **DENIED.**

## II. *APPLICABLE LAW*

■ The public and press have a Constitutional right of access to criminal trials. *Globe Newspaper Co. v. Superior Court for the County of Norfolk,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). A court may deny such access only upon a showing that the denial is narrowly tailored to serve a compelling government interest. 457 U.S. at 607, 102 S.Ct. 2613. Closed proceedings must be rare, and only for cause shown that outweighs the value of openness. *Press–Enterprise Co. v. Superior Court of California for Riverside Co.,* 464 U.S. 501, 509, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)[*"Press–Enterprise I"*]. In determining whether to close a historically-open process where public access plays a significant role, a court may restrict the right of the public and the press to criminal proceedings only after: 1.) notice and an opportunity to be heard on a proposed closure, and 2.) articulated specific findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Press–Enterprise I,* 464 U.S. at 510, 104 S.Ct. 819; *accord, United States v. Valenti,* 987 F.2d 708, 713 (11th Cir.1993), *cert. denied sub nom. Times Pub. Co. v. U.S. District Court for Middle District of Florida,* 510 U.S. 907, 114 S.Ct. 289, 126 L.Ed.2d 238 (1993).

■ The Constitutional right to access also extends to certain civil proceedings. *See Newman v. Graddick,* 696 F.2d 796 (11th Cir.1983). In addition, the common law accords a parallel right of access to civil proceedings. *Wilson v. American Motors Corp.,* 759 F.2d 1568, 1570 (11th Cir.1985). Any denial of openness to civil proceedings must be narrowly tailored to serve a compelling government interest. *Wilson,* 759 F.2d at 1571.

Six years ago, the United States Court of Appeals for the Eleventh Circuit evaluated the Middle District of Florida's then-existing procedures regarding: 1.) closed bench conferences; 2.) *in camera* proceedings and sealed transcripts; and 3.) sealed dockets. *United States v. Valenti,* 987 F.2d 708 (11th Cir.1993), *cert. denied sub nom. Times Pub. Co. v. U.S. District Court for Middle District of Florida,* 510 U.S. 907, 114 S.Ct. 289, 126 L.Ed.2d 238 (1993). According to *Valenti,* the district court may exercise its "traditional authority" and discretion to hold closed bench conferences without first articulating a finding that the closed bench conference is necessary and narrowly tailored to preserve higher values. 987 F.2d at 713—14. The district court had properly given the parties an opportunity to be heard on the subsequent release of transcripts of the closed bench conferences. 987 F.2d at 713—14.

■ The district court may deny access to sealed transcripts and other *in camera* materials where the court finds that denial of access is necessary to preserve higher values, and is narrowly tailored to serve that interest. *Press–Enterprise I,* 464 U.S. at 510, 104 S.Ct. 819; *accord, Valenti,* 987 F.2d at 714. The transcripts of properly-closed proceedings must be released when the danger of prejudice has passed. *Gannett,* 443 U.S. at 393, 400, 99 S.Ct. 2898; *accord, Valenti,* 987 F.2d at 714; *United States v. Ellis,* 90 F.3d 447, 450 (11th Cir.1996), *cert. denied,* 519 U.S. 1118, 117 S.Ct. 964, 136 L.Ed.2d 849 (1997).

In *Valenti,* the court credited the government's assertion of a compelling interest in protecting a continuing law enforcement investigation. *Valenti,* 987 F.2d at 714. The Court also found that the district court's denial of access was a "necessary means" to advance this interest. *Valenti,* 987 F.2d at 714. The court based this conclusion, in part, upon the movant's failure to suggest a "logical and workable" alternative to the district court's blanket closure order. *Valenti,* 987 F.2d at 715.

The *Valenti* court found unconstitutional the Middle District of Florida's "dual

docketing system" in its 1992 form. Until *Valenti*, the Clerk maintained not only a public docket, but also a separate, sealed docket that "completely hid from public view the occurrence of closed pretrial bench conferences and the filing of in camera pretrial motions." *Valenti*, 987 F.2d at 715. The public docket did not refer to or indicate the existence of sealed documents or *in camera* proceedings. The court of appeals concluded that such a system could "effectively preclude the public and the press from seeking to exercise their constitutional right of access to the transcripts of closed bench conferences." *Valenti*, 987 F.2d at 715.

After *Valenti*, the Middle District of Florida changed its docketing procedure to notify the public on the public docket of *in camera* proceedings that had been held, and of sealed documents that had been filed. *See United States v. Bilbrey*, 896 F.Supp. 1207, 1209 (M.D.Fla.1995). The publisher of *The Ledger*, Lakeland Publishing Corporation, sought access to *in camera* proceedings sealed by then-United States Magistrate Judge Charles R. Wilson which pertained to a lawyer's conflict of interest from an ongoing grand jury investigation. *Bilbrey*, 896 F.Supp. at 1207; *related proceedings affirmed sub nom. United States v. Register, Bilbrey*, 182 F.3d 820 (11th Cir.1999). *The Ledger* also argued that the Middle District of Florida's public docket unconstitutionally failed to disclose the *nature* of the sealed documents. 896 F.Supp. at 1209.

The Honorable Lee P. Gagliardi, Senior United States District Judge, denied *The Ledger's* challenge to the revised sealed docketing procedure, and found that the procedure complied with *Bilbrey*, 896 F.Supp. at 1209. Judge Gagliardi reasoned that *Valenti* required the Court to disclose the occurrence of the *in camera* proceeding, but not the nature and content of the sealed proceedings or documents. Judge Gagliardi observed that a disclosure of the nature and content would often defeat the purpose of closure. 896 F.Supp. at 1208.

## III. *APPLICATION AND CONCLUSION*

■ The United States Court of Appeals decided *Valenti* on March 17, 1993. The Board of Judges of the Middle District of Florida then modified the *in camera* docketing procedures in civil and criminal cases to comply with *Valenti* effective October 13, 1993. The new procedure required the Clerk to make docket entries regarding sealed case papers on the public docket. Deputy clerks normally prepare and file written minutes of all hearings, including *in camera* hearings, which describe the date and time of the hearing, the persons present, the manner of stenography, and may describe the substance of matters discussed in the hearing. When sealed minutes are filed which reflect an *in camera* proceeding that has already taken place, the public docket entry includes the date of the *in camera* proceeding, the sealed file document number, and the description "*In Camera* Proceeding" (*e.g.*, 10/13/93—IN–CAMERA PROCEEDING). When other sealed case papers are filed, the public docket entry includes the date the sealed case paper was filed, the sealed file document number, and the description "Sealed Document" (*e.g.*, 10/13/93—SEALED DOCUMENT S1). The Clerk continues to maintain sealed documents which are numbered sequentially in sealed files, and to maintain an index of sealed documents for Court use only. The Court's index contains a detailed, dated description of the sealed case paper.

After the filing of the *Orlando Sentinel's* motion, the Court carefully compared the sealed file with the public docket. The public docket now fully complies with *Valenti* and *Bilbrey*.[1] The Court has prepared the following list of *in camera* proceedings before the magistrate judge in

---

1. At the time that the *Orlando Sentinel* filed its motion for access, several *in camera* proceedings did not show through onto the public docket. The intervenor was correct in bringing this to the Court's attention. The Court has since corrected the errors, and will continue to follow its post-*Valenti* procedure.

order to assist the parties regarding access to *in camera* hearings:

## IN CAMERA HEARINGS

| Date/Time of Hearing | Index No. | Counsel Present |
|---|---|---|
| 5/18/99 (3:20—3:50 p.m.) | S–9 | DeMarco (taped) |
| 5/25/99 (6:40—7:10 p.m.) | S–13 | DeMarco, Bailey (Court Reporter Rolland) |
| 5/28/99 (12:15—12:20 & 1:30—1:50 p.m.) | S–14 | Sands, Leventhal (taped) |
| 6/30/99 (9:30—11:00 a.m.) | S–16 | DeMarco, Jancha, Hawkins–Collazo, Bailey, Leventhal, Horowitz, Sands (Court Reporter V. Millonig and taped) |
| 7/1/99 (3:00—4:00 p.m.) | S–17 | Leventhal, Horowitz, Sands (Court Reporter T. Rolland and taped) |
| 7/2/99 (notice of ⅞ hearing) | S–18 | [no hearing 2] |
| 7/28/99 (1:00—4:30 p.m.) | S–23 | DeMarco, Jancha, Hawkins–Collazo, Bailey, Leventhal, Horowitz, Sands (Court Reporter V. Millong and taped) |
| | S–34 | Transcript of 7/28/99 hearing |
| 8/24/99 | S–33 | Lubin, DeMarco, Jancha, Covington (Court Reporter J. Vic) |
| 10/18/99 (Bench Conference) | S–36 | Demarco, Lubin, Sands (Transcript filed by Court Reporter R. Meyer) |
| 10/26/99 (Bench Conference) | S–37 | Demarco, Lubin (Transcript filed by Court Reporter R. Meyer) |
| 10/29/99 (Bench Conference) | S–38 | Demarco, Bailey (Transcript filed by Court Reporter R. Meyer) |

The *Orlando Sentinel* has requested transcripts of the three hearings held on May 25, 1999, July 28, 1999, and August 24, 1999. At the hearing on the *Orlando Sentinel's* motion for access, no party opposed making public the *in camera* proceedings on August 24, 1999 [S–33] provided that they are transcribed and reviewed by counsel and the Court. The Court also invited interested parties to file memoranda *in camera* in opposition to the release of proceedings on May 25, 1999 and July 28, 1999. The United States filed a memo-

randum *in camera* stating the reasons why there is a compelling governmental interest in denying the *Orlando Sentinel's* motion to make public the substance of the hearings on May 25, 1999 and July 28, 1999. Docket No. S–35. Bailey agrees with the government, and orally joins in the government's memorandum in opposition. The Court agrees with the parties that there is a compelling governmental interest in denying access to those hearings for the reasons stated in the government's memorandum [S–35]. A narrowly tailored denial of access is a necessary means to advance this interest. The *Orlando Sentinel's* motion for access [Docket No. 776] is therefore **DENIED.**

The Court has analyzed the other *in camera* proceedings listed above, and similarly finds that there is a compelling governmental interest in denying access to those hearings for the reasons stated in the government's memorandum [S–35]. It would defeat the purpose of sealing those proceedings to now disclose the reason for sealing them. The *Orlando Sentinel* has expressed concern that "some of these hearings involved the general issue of whether F. Lee Bailey, the attorney representing a Defendant, should be held in contempt for failing to abide by an Order of this Court." Docket No. 776 at 1. All proceedings relating to that general issue have been held, and will be held, in public. There is one fact that is not subject to public disclosure that may affect a number of issues in the case, including the contempt issue. *In camera* proceedings that involve the disclosure or discussion of that one fact are the proceedings that are sealed and listed above.[3]

---

**2.** This document is a notice of an *in camera* hearing, so it shows on the public docket as both a "sealed document" and as related to an *"in camera* proceeding." This gives some prior notice of the closure of future proceedings.

**3.** The sealed file contains a number of other sealed documents that may no longer require sealing, but they are not documents relating to the undisclosed fact referred to above. It would require several hours of Court time to review those documents to assure that release

would not be harmful, and no one has asked the Court to release them. The denial of access in this order is without prejudice to the *Orlando Sentinel* moving for access to those documents at a later time.